## Wood &c. vs. Sayre &c.

Error to the County Court of Fayette.

*Sheriffs. Regimental paymasters. Militia fines. Damages. Interest. Statutes. Parties to motions. Construction.*

Judge MILLS delivered the Opinion of the Court.

THIS is a judgment rendered by the county court, in favor of the paymaster of a regiment, against the sheriff and his sureties, for failing to account for the fines put into his hands for collection, by the colonel of the regiment.

The court rendered judgment for the amount of the fines, with fifteen per cent damages, and five per cent interest thereon. This interest and damages it is insisted, is erroneous; and other errors are assigned.

The act of Assembly, or that section thereof, which regulates the motion, reads thus:

"*But in case the said sheriff shall fail*, or refuse to pay, and settle with the paymaster as aforesaid, the paymaster shall immediately proceed to recover the monies due from the said *sheriff, and his deputies*, or either of them, by motion in the county court, *in the same manner*, that moneys are recovered by the *counties*, against their public collectors of levy."

It will be needless to refer to the acts regulating the recovery of levies from the sheriff, or public collectors, to ascertain whether the fifteen per cent damages, and five per cent interest, are recoverable, because this act fixes the amount to be recovered, by the words the "moneys due" without saying any thing of damages or interest, and not leaving grounds for inference, that interest and damages were to be added. It cannot be inferred from the expressions "the same manner that moneys are recovered by counties." For it will be seen that in these latter recoveries, damages and interest are not annexed.

But as the judgment is to be disturbed on this account, another question is to be considered, not named in argument; and that is, the propriety of bring-

MOTION.

Case 138.

December 2.

Motion by the regimental paymaster vs. the sheriff and his sureties.

Judgment for the principal, damages, and interest.

Statute authorizing the recovery against the sheriff and his deputies, for failing to account for militia fines.

Sheriffs are not liable by motion for damages or interest for failing to account for militia fines: the sum due only is recoverable.

Are the sureties of the sheriff liable to be joined

WOOD &c.
vs.
SAYRE &c.

in the motion against the sheriff in such case?

ing the joint notice against the sheriff and his sureties. The act recited does not tell us against whom the recovery is to be had, but in case of the sheriff's failure, directs the moneys due to be recovered, not saying against whom, but "in the same manner" that counties recover their levies. Of course it would seem to follow, that the recovery must be had against the same description of persons of whom counties recover their levies. It is worthy of remark, that we are not referred to the mode in which county creditors recover their demands against the collectors of levies, but to the mode in which *counties* recover their balances in the hands of their collectors, unaccounted for.

Statute of 1797, giving to the county court the motion against the sheriff for failing to account for the county levy: 2 Dig. 856.

The first statute on this subject which we shall notice, as one to which we are referred, is in 2d Dig. L. K. 856, and reads thus:

"And it shall and may be lawful, where such sheriff or collector fails to account with the county aforesaid, for the court of that county before whom he ought to account, to enter judgment against such delinquent sheriff or collector, for whatever shall appear to be due from such sheriff or collector, and award execution thereon, giving such sheriff or collector ten days previous notice of such proceeding."

Here we find that not only the damages are omitted, as before suggested, but the sheriff or collector alone is named, against whom the motion is to be brought, and nothing is said of the sureties; and it evidently follows, that the remedy by motion does not lie by this act.

Act of '95, (1 Litt. L. K. 202, omitted in the Digest) giving to the county court the motion against the sheriff *or his sureties* for failing to account for the levy.

But there is another act on this subject, omitted in the digest of the statutes, probably because it was supposed to be entirely superseded by the act last recited. But as this act, from which this provision is cited, contains no repealing clause, and there being some little variance between them, especially with regard to sureties, we must take the latter into consideration. It will be found in the 1st vol. Litt. L. K. 202, and is to this effect:

"They, (to-wit: the justices of the county courts) shall have power to call on the present and former

sheriffs or collectors, for a settlement of their ac- Wood &c.
counts, and may appoint two of their own body to vs.
settle with such sheriff or collector, and make a re- Sayre &c.
port of such settlement to the court; and if, on such
settlement with any sheriff or collector, they may
be in arrears to the county, the court shall give
judgment and award execution for the sum that may
appear due from such sheriff or collector, *or against
their securities, executors, administrators or legal repre-
sentatives.* Provided such sheriff or collector, *his or
their securities,* executors, administrators *or* legal rep-
resentative, have ten days previous notice of such
motion."

Both these acts must be taken as acts in *pari mate-* The act of
*ria,* as relating to the same subject, and operating on '95 was not
the same legal proceedings. The first in the order repealed by
of time, is the last which we have recited. The but must be
subsequent act omitted saying any thing about the taken togeth-
sureties of the sheriff or collector; but it did not ex- er, and the
pressly repeal the former act, nor is there any pro- against the
vision in it incompatible with the first act; the first sheriff's sure-
must consequently be considered in construing the ties.—
latter act, and the effect will be, to insert in the lat-
ter act the provisions of the former touching sure-
ties.

But after this addition is made to the latter act, we But motions
are still unable to sustain this notice. For it is against the
against the sheriff and his sureties both, and the act sureties for
which subjects the sureties as well as the sheriff, au- failing to ac-
thorizes a several proceeding, either against the sher- count for the
iff or his sureties, but not against both. The au- county levy
thority is to move against the "sheriff or collector, *or* fines, cannot
against their securities," not "and their securities." be maintain-
We would readily conclude that the legislature in- ed against
tended both to be included in one proceeding, as but severally,
more safe to the rights of the parties, if there was against the
any thing in the act which would tolerate the con- sheriff *or* his
struction. The disjunctive "or," is used in other sureties.
parts of the same sentence in its usual sense, imply-
ing severalty: that is, one or the other, but not both
at once, and we cannot place any other sense there-
on.

Vol. VII. 4 I

Wood &c.
vs.
Sayre &c.

Mandate.

It therefore follows, that without this act, this proceeding against the sureties at all, is wrong, and with this act, a joint proceeding cannot be indulged. The judgment must consequently be reversed, with costs, and the cause be remanded, with directions to quash the notice, with costs.

*Chinn* for plaintiffs; *Combs* for defendants.